IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 10 C 4688 |
| | ) | |
| LEVELLE HICKS. | ) | |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Levelle Hicks' (Hicks) *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255). For the reasons stated below, the Section 2255 motion is denied.

### BACKGROUND

On September 8, 2008, in case number 06 CR 324, Hicks pled guilty to Count One of the indictment, which charged Hicks with conspiracy to possess with intent to distribute a controlled substance. On November 12, 2009, Hicks was sentenced to a total term of 292 months imprisonment. Hicks filed an appeal, but then filed a *pro se* motion to voluntarily dismiss the appeal and on December 9, 2009, the Seventh Circuit dismissed the appeal. The appeal was reinstated and then dismissed again by the Seventh Circuit on April 18, 2011. Hicks then filed a motion to reduce his

sentence with this court, which was denied on January 10, 2013. Hicks then filed another appeal, which was dismissed on April 12, 2013, due to his failure to pay the appeal filing fee. On July 27, 2010, Hicks filed the instant Section 2255 motion and this court denied the motion without prejudice since Hicks had an appeal pending at that time. On August 10, 2012, this court reinstated the instant motion since the appeal relating to Hicks' sentencing had been denied.

**LEGAL STANDARD**

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The relief sought in a Section 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

**DISCUSSION**

Since Hicks is proceeding *pro se* the court will liberally construe his motion. *See Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Hicks argues in his Section 2255 motion: (1) that he received

ineffective assistance of counsel regarding his change of plea, (2) that he received ineffective assistance of counsel at sentencing, and (3) that he received ineffective assistance of counsel on appeal. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984))(stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and that "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance")(quoting in part *Strickland*, 466 U.S. at 689).

I. Guilty Plea

Hicks contends that his counsel failed to provide effective assistance of counsel relating to his plea of guilty. According to Hicks, his counsel failed "[t]o [t]imely and [r]easonably [i]nvestigate," and did not "[f]amiliarize [h]imself" with the "[f]acts and [l]aw . . . [p]rior to [a]dvising [a]nd securing [d]efendant's [g]uilty [p]lea. . . . " (Pet. 7). Hicks has, however, not specifically identified any facts or law that his counsel at his change of plea hearing or at sentencing failed to adequately familiarize himself with that resulted in prejudice to Hicks.

Hicks also asserts that his counsel refused to file a motion to suppress relating

to evidence seized by law enforcement in the home of Hicks' mother. (Pet. 7). However, decisions regarding defense strategies are left to the discretion of counsel and Hicks has not shown that his counsel acted outside such discretion. *See Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010)(stating that "[i]t is well established that our scrutiny of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether his performance was deficient"). The record also shows that Hicks' counsel's legal advice was within the scope of reasonable professional decision-making or advice. Hicks acknowledges that his counsel told him that such a motion to suppress would be baseless because "[t]here is no evidence that the agents[] had threatened to arrest [Hicks'] mother in order to get [Hicks] to make the statement" and "because the agents had an arrest warrant for [Hicks] they could enter [his] mother's home without a search warrant to make the arrest," and "there was nothing illegal about the agent[s]' entry or discovery of the guns and ammunition. . . ." (Pet. 7). Hicks provides only conclusory and baseless statements in the instant motion to suggest that law enforcement acted improperly in entering the home of Hicks' mother. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)(stating that "a hearing is not necessary if the petitioner makes allegations that are 'vague, conclusory, or palpably incredible,' rather than 'detailed and specific'")(quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

Hicks has also attempted in his reply to provide evidence in the form of affidavits from Hicks, his sister, and his mother. However, Hicks' affidavit is

4

nothing more than Hicks' self-serving unsupported conclusory allegations. Also even accepting the facts presented in the affidavits from Hicks' sister and mother, there are no facts that would negate the evidence showing that law enforcement executed a valid arrest warrant. Hicks claims in his petition that law enforcement threatened to "arrest his mother for the guns and ammunition," (Pet. 8), but no such facts are included in the affidavit of Hicks' sister or mother when reciting the events surrounding Hicks' arrest. Hicks' mother admits that law enforcement knocked on the door, that she answered the door, and then told the agents that Hicks was upstairs. Hicks' mother contends that the officers "admitted that they had no warrant." (HM Aff. 1). However, even if Hicks' mother heard agents say something to that effect, that would not be sufficient to create any doubt regarding the existence of a valid arrest warrant for Hicks, which has not been challenged by any reliable evidence in the record. In addition, as the Government points out, aside from the evidence obtained in the home of Hicks' mother, there was ample evidence upon which to convict Hicks.

Hicks also argues that his counsel should have done more to exclude certain statements of co-conspirators and to get Hicks' trial severed from other defendants in the case. However, such matters were within the scope of Hicks' counsel's professional discretion and Hicks has not shown that counsel acted outside the scope of effective assistance of counsel. Nor has Hicks shown that any such arguments would have been meritorious.

Hicks also contends that his counsel failed to adequately advise him prior to

his change of plea hearing. Hicks also claims that he was "misled into adversely agreeing to plead guilty," and that he was "encouraged" to sign "highly informatory and prejudicial [d]ocuments." (Pet. 11-12). At his change of plea hearing, Hicks was asked by the court if he had sufficient time to discuss his case with his attorney and Hicks answered in the affirmative. Hicks was also asked by the court if he was satisfied with his counsel and he once again answered in the affirmative under oath. (R Ex. A 5). The record also reflects that Hicks was asked by the court at his change of plea hearing: (1) "Did anyone pressure you at all to sign this plea declaration?," (2) "Has anyone forced you in any way to plead guilty today?," and (3) "Has anyone threatened you in any way to cause you to plead guilty today?" (R Ex. A 15). To such questions, Hicks responded in the negative. (R Ex. A 10, 15). Hicks was warned by the court that if the court accepted his plea, he would not later be able to withdraw his plea, and Hicks acknowledged that he understood the warning. (R Ex. A 14). Therefore, Hicks has not shown that he was denied effective assistance of counsel when pleading guilty.

II. Sentencing

Hicks argues that his counsel at sentencing failed to properly object to the Government's use of the term "crack," which Hicks contends conflicted with the findings of the forensic chemist in the case. However, Hicks fails to provide any evidence to support his baseless assertion that a forensic chemist found that the drugs in question were other than crack cocaine. Hicks makes a conclusory statement

about "determinations of the Forensic Chemist," without citing to any evidence to support that assertion. (Pet. 15). The record reflects that Hicks' counsel filed an extensive sentencing memorandum, in which he argued that the guidelines relating to crack cocaine offenses contained an unwarranted disparity with powder cocaine offenses. (DE 1618 4-7). In addition, at Hicks' sentencing hearing, the Government gave a statement of the underlying facts for Hicks' offense, in which the Government indicated that the drugs in question were crack cocaine. (R Ex. A 17). When asked if Hicks agreed with the Government's statement, Hicks responded: "Yes." (R Ex. A 17). Also, when asked to state his crime in his own words, Hicks specifically admitted that he "sold . . . crack cocaine." (R Ex. A 18).

Hicks also contends that he should not have been deemed a shift supervisor for the purposes of the calculation of the advisory guidelines range. However, Hicks' counsel presented such an objection at sentencing in a competent fashion. (DE 1618 9-10). The court ruled that Hicks was a supervisor and the mere fact that Hicks did not prevail does not mean that his counsel was ineffective. Hicks also contends that his counsel should have made other objections at his sentencing, but such decisions were within the professional discretion of his counsel, and Hicks has not shown that his counsel acted outside the scope of competent representation. *Johnson*, 624 F.3d at 792. Hicks has thus failed to show that he received ineffective assistance of counsel at sentencing.

III.  Appeal

Hicks argues that he received ineffective assistance of counsel on appeal. Hicks contends that he was denied a "[f]air [f]irst [a]ppeal [p]rocess." (Pet. 19). However, the record reflects that Hicks' counsel filed a notice of appeal and presented arguments to the Seventh Circuit.  The record also reflects that the Seventh Circuit dismissed the appeal, rejecting for example, the same argument regarding Hicks' supervisory status that he presents in the instant Section 2255 motion. (DE 1800 2-3). Hicks has not pointed to any evidence that shows that he was denied effective assistance of counsel on appeal, and his baseless and conclusory assertions are not sufficient to warrant granting his Section 2255 motion. Based on the above, the Section 2255 motion is denied.

IV.  Certificate of Appealability

Pursuant to Rule 11(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*,

463 U.S. 880, 893 (1983)). In the instant action, Hicks has not made a substantial showing of the denial of a constitutional right as to any claims presented in the Section 2255 motion. Nor has Hicks shown that reasonable jurists could debate whether the Section 2255 motion should have been resolved in a different manner or that any issues presented in the Section 2255 motion deserve encouragement to proceed further. Therefore, should Hicks decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

## CONCLUSION

Based on the foregoing analysis, the Section 2255 motion is denied, and should Hicks decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 16, 2013